**Nealey v. C. M. Detweiler, Inc.**

*E. Robert Elicker, II,* for plaintiffs.

*Michael H. Schaeffer,* for defendant.

*John T. Miller* and *Gerald T. Sajer,* for additional defendants.

*Michael H. Schaeffer, Peter R. Andrews, Frank B. Boyle, James R. Clippinger, Robert J. Stewart* and *F. Murray Bryan,* for added defendants.

BUCKINGHAM, J., December 30, 1974.—Via a complaint and two amended complaints, plaintiffs charged defendant, a land developer, and the added defendants, with changing the natural flow or surface water on defendant's land, as it was developed by defenant, onto plaintiffs' land through a drainage pipe causing plaintiffs damage. The added defendants purchased their lots situated in the development from defendant. By an amended complaint, defendant joined the additional defendants, alleging they alone are liable to plaintiffs or liable over to defendant for any such damage, on the theory that defendant relied on the plans required by the township and prepared by Whittock. The additional defendants demurred to defendant's amended complaint against them on the ground that it failed to state a cause of action against them. In an opinion and order, filed September 26, 1974, President Judge Shadle dismissed the demurrer of the additional defendant, Fairview Township, but sustained the demurrer of the additional defendant, Whittock, on the ground that defendant nowhere alleged that the plans for defendant's development, prepared by Whittock, were done in a negligent or unsatisfactory manner. Defendant was given leave to file a second amended complaint against Whittock.

Defendant filed a second amended complaint against Whittock as an additional defendant who has again demurred to it on the ground that it does not state a cause of action against him. We must dismiss the demurrer.

Defendant's second amended complaint against Whittock is different from the first amended complaint in that it has added the following allegations:

"9. Prior to development of the tract in question, Defendant engaged Additional Defendant Whittock in his professional capacity as a professional engineer to engineer the development of the tract in question.

"10. Defendant engaged Additional Defendant Whittock as an expert in the field of designing and engineering land development.

"11. As Defendant's professional engineer Additional Defendant Whittock prepared all plans and designs for the development of Defendant's tract.

"12. Defendant developed its tract in accordance with plans and specifications drawn by Additional Defendant Whittock.

"13. As an expert in the field of land development and as Defendant's professional engineer, Additional Defendant Whittock owed a duty to Defendant to design the development in such a manner as to allow proper development of Defendant's tract.

"14. In order for proper development of Defendant's tract to take place account had to be taken of provisions for the drainage of surface water.

"15. As a professional engineer and an expert in land development, Additional Defendant Whittock was under a duty to so design the development of the tract as to not negligently cause damage to adjoining land owners and as to not divert the drainage of surface water by means of artificial channels onto adjoining property where natural drainage had not occured (sic) prior to development.

"16. Plaintiffs complain specifically of the installation of two drainage pipes. Said pipes were required to be installed by Defendant as the result of Additional Defendant Whittock's engineering."

Taking these allegations as a whole, it seems clear to us that defendant is saying that Whittock's plans upon which defendant relied, were faulty in design in that they utilized drainage pipes and artificial channels which diverted the drainage of the surface water onto plaintiffs' land where natural drainage had not theretofore occurred. We believe this to be a sufficient allegation of malpractice on the part of Whittock.

Secondly, all of the added defendants, with the exception of the added defendants, Williams, filed a demurrer against plaintiffs' second amended complaint against them on the ground that there is therein no allegation that the added defendants caused any of the injury or damage to plaintiffs. The added defendants, Williams, filed an answer to plaintiffs' second amended complaint. By oral stipulation of counsel with the court, that answer may be and is hereby withdrawn and there is substituted therefor, nunc pro tunc, a demurrer to the second amended complaint by the added defendants, Williams, without the necessity of the filing of formal pleadings.

At argument before the court, plaintiffs freely conceded that their second amended complaint against the added defendants contained no allegations which would hold them liable, and further admitted that they were not in a position to show any evidence that the added defendants contributed in any material way to the diverting, increasing, concentrating or channeling of the surface water onto plaintiffs' land and fully agreed that the demurrers of all the added defendants should be sustained. We accordingly enter the following

## ORDER

And now, December 30, 1974, the preliminary objection of the additional defendant, Whittock, to defendant's second amended complaint against him is dismissed, with leave to file an answer thereto within 20 days hereof. The preliminary objections in the form of a demurrer of all of the added defendants to plaintiffs' second amended complaint are sustained.

An exception is granted to the additional defendant, William B. Whittock.